JAMES W. DIGNAN, appellant,

*v.*

THOMAS DIGNAN, respondent.

In bill between partners for an account on dissolution, the complainant, pending suit, assigned to a person not a party all his interest, and afterwards, the defendant being ignorant of the assignment, a decree was entered in favor of the complainant; the defendant was then informed of the assignment, and having such knowledge, took an appeal and during its pendency the complainant and defendant settled the litigation, one of the terms of the settlement being that the decree should be cancelled; thereupon the present petition was presented by the defendant to open the decree, on the ground of the previous assignment of the interest of the complainant.—*Held*, that as between complainant and defendant the settlement was conclusive, and the decree, being thereby nullified, could not be opened so as to reinstate the suit, and that if such an order should be made it would be a nullity, as the assignee was not a party to the proceeding.

On appeal from a decree advised by Vice-Chancellor Bird, whose opinion is as follows:

"The petition in the case alleges that prior to December, 1889, Thomas W. Dignan, the above-named complainant, made an

Dignan v. Dignan.

assignment of all his interest in the suit then pending to Mary E. Millington; that afterwards and in the said month of December he obtained a decree against the defendant, James W. Dignan, for the sum of $4,163.41; that afterwards an appeal was taken by the defendant to the court of errors and appeals; that during the pendency of the said appeal and before the same was heard the solicitor of the complainant gave notice to the defendant that he had an interest in the said decree for services and for disbursements made, and that such decree had been assigned; that afterwards and in the month of June last the said defendant and the said complainant entered into an agreement by which they settled all the matters in dispute between them, including the matters in controversy in this cause, and alleging that he had no knowledge of such assignment until the service of a notice upon him by the solicitor of the complainant; and that afterwards the said cause was dismissed from the court of errors and appeals without prejudice, because of the suggestion of the court of said assignment. The prayer of the petition is that the decree so obtained by the said complainant, after the assignment of his interest in the suit, may be set aside and for nothing holden. The case must now be treated as though it had remained in this court. Testimony has been produced and it has been established that while the assignment spoken of was executed by the complainant, it was left with his solicitor with instructions to deliver it to Mary E. Millington at such time as he thought proper. The solicitor retained the assignment under these instructions for about three months after the decree referred to was obtained, when he was applied to by Mary E. Millington to write her will. During the interview on this occasion he informed her of the making of this assignment and of the instructions given to him, and he says that it was understood between him and her at this time that from that time the assignment should take effect and the decree should be considered as hers. This is the plain import of his testimony. So far, therefore, as the petition and prayer rest upon the allegation that the assignment was made before the decree was entered, and that consequently the decree is void, they are without foundation.

"But it is still insisted that such decree is practically unavailable to the executrix, Mary E. Millington, even though the assignment did not take effect by actual delivery until after the decree had been entered. Counsel for the petitioner urges that in every such case there must necessarily be an original bill or an original bill in the nature of a supplemental bill by the assignee, presenting the whole case and her rights under the assignment, and proceedings thereunder anew with the production of evidence as though no decree had ever been entered. In other words, from this view of the case such decree is of no force or effect except so far as the court may see fit to regard it or not as evidence in the cause.

"Whatever may be the proper practice under other circumstances or conditions, the utmost that is required of an assignee of a decree is to file a bill by way of supplement to enforce or carry into effect such decree in his own behalf. The assignment of such decree does not annul it. Nor do courts say that he shall accept such assignment barren of all fruit and run the risks of a re-hearing of the whole case. The attempt to enforce such decree by supplementary proceedings does not prevent the presentation of any equities that may exist or arise between the parties. The practice which prevails in the different conditions or stages of a case under such circumstances in cases of assignments is laid down in *Danl. Ch. Pl. & Pr. 1518, 1519*, and with very great precision by Vice-Chancellor Van Fleet in the case of *Fulton* v. *Greacen, 17 Stew. Eq. 443*. The course prescribed by these authorities seems reasonable from every point of view. It would appear to be very absurd and highly inequitable for the court first to allow a decree to be entered, and then, because the decree has been assigned, to declare it a nullity in the hands of the assignee. In such case reason alone dictates that the defendant should have the benefit of the equities which it is competent for a court of equity to enforce when the assignee by proper proceedings seeks to have the benefit of the decree. Whether such proceedings ought to be by an original bill or an original bill in the nature of a supplemental bill must be controlled by the circumstances of each individual case—whether the one or the

other cannot be determined beforehand, because all the conditions cannot be known to the court until the record is made up— counsel only being responsible for the steps proper to be taken to protect or defend the interests involved, whether there be an appeal or not.

"As the case now stands before me, it having been established that the decree was entered before assignment was made effectual, the petition must be dismissed. But since there is nothing to show that the petitioner had knowledge of the fact that the assignment which bore date before the decree was entered was not delivered until long after, the order will be without costs."

*Mr. Carroll Robbins* and *Mr. Garret D. W. Vroom*, for the appellant.

*Mr. William M. Lanning*, for the respondent.

The opinion of the court was delivered by

BEASLEY, C. J.

The procedure placed before this court by this appeal seems destitute alike of basis and of object.

This is the posture of the transaction. These litigants were partners in trade, and the respondent filed a bill seeking a dissolution and an account. At a certain stage in this course of law, and before decree, the respondent, being complainant, assigned, as it is claimed, all his interest in the matter in controversy to a third person, one Mrs. Millington. After this transfer a decree was rendered for a considerable sum in favor of the complainant. The defendant then was notified of this assignment, and being possessed of that knowledge he took an appeal to this court. After some progress made in that procedure, these parties came to an understanding and settled their litigations. As a part of that adjustment the respondent discharged his decree in these words, viz. :

"And the said Thomas Dignan does hereby release and forever discharge the said James W. Dignan of and from said decree (the decree now in ques-

tion) in the court of chancery of New Jersey and of and from all claims, debts, demands, costs and expenses touching, concerning or growing out of said decree or the said chancery suit or the said appeal. And does hereby covenant and agree to execute any and all further necessary stipulations, orders or declarations concerning said suit and said decree, and either himself to cause said decree to be cancelled or to execute the requisite paper to enable and authorize the said James W. Dignan to cancel and nullify said decree."

This release was by deed. From this *status* the appellant was entitled in the simple method appointed in the statute to have satisfaction of this decree to be entered on the record.

This being the situation, the petition, which is the foundation of the proceeding now before this court, was filed by the appellant. That petition states the foregoing facts, and prays that "an order may be made opening and setting aside the said decree," that is the decree above referred to. The proceeding is between the original parties alone.

The mystery of the litigation begins at this stage. What sensible reason can be assigned to induce the chancellor to grant the prayer of this petition? The defendant in a suit after a decree upon the merits has passed against him, and after he has settled such decree and the complainant has formally released to him all interest in it, is here asking to open the decree and to set it aside. The effect of such an order would be to revive the suit, placing it in the state for final hearing and decree, but it is certain that the complainant, after having released all his interest in the subject of the suit, could not take those steps. As between the parties to this record, an order opening this decree would be an act absolutely nugatory. It is to be noted that this petition in nowise calls in question the equity or legality of the settlement in question, but, on the contrary, the petitioner produces and relies on the deed in which it is contained. As long, therefore, as this instrument preserves its operative force, the satisfied suit in decree cannot be transformed in any degree unless by the mutual consent of both the contracting parties.

The reason assigned in the argument for opening and setting aside this decree was that the case had been put on final hearing and a decree taken in the suit after the complainant had, without the knowledge of the defendant, assigned all his interest in the

Dignan v. Dignan.

suit to Mrs. Millington. It was insisted that by such transfer of interest the suit abated and the decree subsequently entered was a nullity. Admitting that, for the purpose of the argument, to be the legal effect of the transaction, it cannot, in the minutest degree, affect the standing of these parties *inter se.* With full knowledge of the assignment, they annulled this decree in the manner stated, and that concluded the affair as between themselves. In the argument on this subject there are certain indications that the modifications of this decree were intended to affect the equitable rights of the assignee, and the vice-chancellor considers such rights and places his decision upon that basis. The contested point was whether the assignment came into legal existence prior to or after the making of the decree, and the decision being in favor of this latter proposition the petitioner was refused relief. But this entire inquiry was totally irrelevant. As we have seen, no matter what its result as between this appellant and respondent, it could have no effect whatever, and it is equally evident that no possible determination that could have been made in the proceeding could either prejudice or benefit the rights of the assignee, she not being a party to the record. If this assignee has any equitable right in this decree, nothing that these parties before us could do in her absence would have the effect of impairing it. Mrs. Millington, the assignee, is now dead, and it is not pretended that her executrix has ever heard of this proceeding. So that neither the legal existence of this assignment nor its effect can be put in question under this petition; a decree with respect to such matters under present conditions would be an empty form of words.

But as, in the opinion of the court, a right result has been reached, let the decree be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, CLEMENT, SMITH—10.

*For reversal*—None.